**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No: 2:23-cr-204** |
| **vs.** | : | |
| | : | **CHIEF JUDGE MORRISON** |
| **ANDREW J. MATHIS,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in Aid of Sentencing.

**I.      <u>BACKGROUND</u>**

On July 8, 2024, Defendant **ANDREW J. MATHIS** entered a plea of guilty, pursuant to a plea agreement, to the Indictment filed in this case, which charges him with possession of ammunition after a misdemeanor domestic violence conviction, in violation of 18 U.S.C. §922(g)(9) and 924(a)(8). As part of his plea agreement, Defendant agreed to a detailed factual statement of his offense conduct in support of his guilty plea. (Doc. 25). Pursuant to that agreed factual statement, Defendant admitted that on September 3, 2023, he knew he had been convicted of a misdemeanor domestic violence while in possession of ammunition.

The Probation Officer released the final Presentence Investigation Report ("PSR") on October 1, 2024. Sentencing in this matter is scheduled for December 18, 2024.

**II.     <u>PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION</u>**

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range. Neither party has raised an

objection to the PSR. The advisory guideline range reflected in the PSR is 51-21 months of incarceration. The parties did agree to certain advisory sentencing guideline factors in the plea agreement pursuant to Criminal Rule 11(c)(1)(A). Such as the base offense level of 14.

The Probation Officer has indicated that there are no factors identified in the PSR that would warrant a departure from the applicable sentencing guideline range. However, the Probation Officer does note that the Court may wish to take into consideration Defendant's positive upbringing, the death of one of his children and that he has custody of his two daughters in determining whether a deviation from the guideline imprisonment range is appropriate. His history of domestic violence is also noteworthy.

## III.  **SENTENCING FRAMEWORK**

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5)

Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

## IV.    ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

Defendant has accepted responsibility for his actions but has not expressed remorse or recognized that he has done anything wrong.  (PSR ¶ 16).  He was raised by a supportive mother and father who are still together. His parents both had steady employment and he was raised in the church. (PSR ¶ 46).  His siblings are all successful and supportive of him. (PSR ¶ 47).

The facts of the instant case are concerning, especially when you take into consideration that officers were initially called on a domestic violence where a man was threatening a woman with a gun. Further concerning is that the Defendant has prior domestic violence convictions. While officers were present the victim retrieved a backpack indicating that it was the Defendant's – inside were multiple firearms and ammunition. Ultimately, law enforcement was only able to definitively tie the purchase of the ammunition contained in the backpack to Mathis. In "accepting" responsibility, the Defendant says he was not told he was a prohibited person. That argument fails. The Government need only prove that the Defendant knew he was convicted of domestic violence and that following that conviction he knew he was possessing ammunition. This is established through the conviction documents in addition to the ammo from the backpack being the same as the ammo the Defendant is seen on video purchasing from Vance's Outdoors.

Defendant's criminal history is of particular concern to the Government, as it reflects a

3

history of domestic violence, and the instant offense stems from a domestic violence incident. He also has a conviction for operating a vehicle while impaired. (PSR ¶ 54).  He has his high school diploma as well as a degree in vocal performance and degrees in the culinary arts.  (PSR ¶ 55).

Consideration of the most relevant of these sentencing factors warrants a sentence at the low end of the recommended range. Such a sentence would properly consider the nature and circumstances of Defendant's offense and would also take into consideration Defendant's particular history and characteristics, including his past domestic violence convictions.  It would also specifically deter Defendant, as well as provide general deterrence to those who would violate the law in a similar manner.

## V.    CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that a term of imprisonment at the low of the calculated range would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


*s/ Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail: Elizabeth.Geraghty@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December 2024, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*s/Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
